IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RANKIN BARTELL SEITZ, | Cause No. CV 21-10-BU-BMM-JTJ |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On January 27, 2021,[1] state pro se petitioner Rankin Bartell Seitz filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, Mr. Seitz's petition should be dismissed as unexhausted.

**I.      Motion to Proceed in Forma Pauperis**

Mr. Seitz seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) Although he did not file a corresponding inmate account statement, there is no reason to delay this matter further. The motion to proceed in forma pauperis will be granted.

---

[1] Under the mailbox rule, a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. See, *Houston v. Lack*, 487 U.S. 266, 276 (1988).

## II.     Background/Seitz's Claims

Following a guilty plea in Cause No. DC-16-361B, Mr. Seitz was convicted in Montana's Eighteenth Judicial District, Gallatin County, of Felony DUI.  (Doc. 1 at 2-3.)[2]  Judgement was entered on June 26, 2017.  *Id*. at 3.  Mr. Seitz asserts that his sentence was subsequently revoked without due process on the suspicion that he had absconded and/or escaped.  *Id*.

Mr. Seitz first claims that he was revoked from his interstate compact with Washington state in violation of his right to due process.  (Doc. 1 at 4, ⸿ 13(A)). Mr. Seitz explains that he was apprehended and arrested in February of 2020 and then extradited back to the Montana State Prison in March of 2020.  *Id*.  Mr. Seitz next states that in August of 2020 he walked away from Connections Corrections in Butte, Montana, because he was afraid for his life.  *Id*. at 5, ⸿ 13(b).  He believes his arrest was perpetrated by members of the Ku Klux Klan and the Masonic Order.  *Id*.  Although Mr. Seitz acknowledges he has not presented either claim to the Montana Supreme Court, it appears he currently has legal assistance and intends to do so.  *Id*. at 3-4, 5.

Mr. Seitz asks this Court to release him from his current confinement and

---

[2] It appears Mr. Seitz was also sentenced for a prior felony DUI in Park County in Cause No. DC-12-133.  This sentence was also revoked.  See, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3010420/ (accessed February 8, 2021).

grant him clemency due to mistreatment, over-punishment, and wrongful imprisonment. *Id.* at 7, ₱ 17.

### III.   Analysis

Although other procedural hurdles may stand in his way, before he can proceed before this Court Mr. Seitz must exhaust his claims in the state court system.  The pending petition should be dismissed without prejudice in order to allow Mr. Seitz to exhaust his claims and then return to this Court, if necessary, at a later date.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. §2254(b)(1)(A).  The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.*

*See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

A review of Mr. Seitz's petition makes it apparent his claims have not yet been presented to and adjudicated by the state courts. Accordingly, there may still remedies available to Mr. Seitz under state law, including extraordinary, direct, and collateral review. Because Mr. Seitz has not yet exhausted his available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice, *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000), and Mr. Seitz may return to this Court if and when he fully exhausts the claims relative to his current custody.

## IV.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim

4

is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Seitz has not yet made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings at this time. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

Petitioner's Motion to Proceed in Forma Pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Seitz may object to this Findings and Recommendation within 14 days.

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

Mr. Seitz must immediately notify the Court of any change in his mailing

address by filing a "Notice of Change of Address."  Failure to do so may result in

dismissal of his case without notice to him.

DATED this 8th day of February, 2021.


*/s/ John Johnston*
John Johnston
United States Magistrate Judge

6