IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RANKIN BARTELL SEITZ,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV-21-10-BU-BMM-JTJ<br><br>ORDER |

Rankin Seitz, a state prisoner proceeding pro se, filed a petition on January 27, 2021, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Seitz then sought leave of Court to proceed in forma pauperis. (Doc. 2). United States Magistrate Judge John Johnston issued an Order with Findings and Recommendations, in which he granted Seitz's in forma pauperis motion. (Doc. 4 at 1). Judge Johnston recommended that this Court dismiss Seitz's habeas petition for failure to exhaust his state court remedies. (Doc. 4 at 3–4). Judge Johnston also recommended that this Court deny issuance of a certificate of appealability. (Doc. 4 at 4–5).

Seitz did not file an objection to the Findings and Recommendations. This Court reviews for clear error the portion of the Findings and Recommendations to

which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Court first addresses the dismissal of Seitz's habeas petition. The Court reviewed Judge Johnston's determination on Seitz's habeas petition and found no error. The Court adopts in full the portion of the Findings and Recommendations that direct Seitz to exhaust his state court remedies before seeking relief in federal court. (Doc. 4 at 3–4); *see also* 28 U.S.C. § 2254(b)(1)(A) (proscribing federal courts' granting of habeas corpus writs brought by prisoners unless "the applicant has exhausted the remedies available in the courts of the State"). Seitz should seek out those remedies available to him in the state court system before seeking assistance in federal court. Those remedies may include a direct appeal, sentence review, state postconviction relief, or state habeas review. The Court dismisses Seitz's petition without prejudice. Barring other procedural hurdles to federal court relief, Seitz may return to this Court only after he fully exhausts the claims relative to his current custody in the state court system.

The Court next reviews Judge Johnston's recommendation against issuing a certificate of appealability. Rule 11(a) of the Rules Governing § 2254 Proceedings requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The writ of habeas corpus plays a vital role in protecting constitutional rights. *Slack v. McDaniel*, 529 U.S. 473, 483

(2000). A court should issue a certificate of appealability for those claims in which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies the standard if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Where the court dismisses the claim on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

Seitz has not yet made a showing that he was deprived of a constitutional right. Additionally, reasonable jurists would find no basis to encourage further proceedings at this time, given Seitz's failure to exhaust his state court remedies. No close questions exist, and the Court finds no reason to encourage further proceedings in this Court. The Court concludes that a certificate of appealability should not issue in this matter.

## ORDER

Accordingly, **IT IS ORDERED**:

1. Seitz's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as unexhausted.

2. The Clerk of Court is directed to enter by separate document a

judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is **DENIED.**

Dated this 15th day of March, 2021.

*[signature: Brian Morris]*

Brian Morris, Chief District Judge
United States District Court